GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: BRANDON H. COWART
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2693
Facsimile: (212) 637-2702
E-mail: brandon.cowart@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GEICO GENERAL INSURANCE COMPANY,
as Subrogee of KELLIE MURPHY,

                Plaintiff,

   -against-

UNITED STATES OF AMERICA,

                Defendant.

No. 19 CV 8544 (JLC)

**ANSWER OF DEFENDANT**
**UNITED STATES OF AMERICA**

---

      Defendant United States of America ("Defendant") answers the Complaint, on information and belief as follows:

1. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.[1]

2. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

---

[1] The numbers preceding each paragraph answer reflect the Complaint paragraph number to which the response is directed.

5. This paragraph contains Plaintiff's characterization of the Complaint to which no response is required. To the extent a response is required, admits that the United States is named defendant.

6. Admits.

7. Denies the allegations in this paragraph except admits that the United States Secret Service (the "Secret Service") is an agency under the United States Department of Homeland Security.

8. The allegations in this paragraph contain conclusions of law to which no response is required.

9. Denies that Defendant, its servants and employees were negligent in any manner, violated any duty of care, or caused the automobile accident referenced in the Complaint. The remainder of this paragraph contains Plaintiff's characterization of the Complaint to which no response is required.

10. The allegations in this paragraph contain conclusions of law to which no response is required.

11. Admits that a claim dated August 10, 2017 (the " August 10 Claim"), was presented to the United States Department of Homeland Security by or on behalf of Plaintiff in connection with the events alleged in the complaint. As to the allegations contained in the second sentence, admits.

12. Admits.

13. Admits.

14. As to the first clause, admits. As to the remainder of this paragraph, no response is required as it contains conclusions of law.

15. Admits.

16. As to the first clause, admits that the period between July 15, 2019, the date Plaintiff's request for reconsideration was denied, and September 13, 2019, the date this lawsuit was commenced, is less than six months. As to the remainder of this paragraph, no response is required as it contains conclusions of law.

17. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.[2]

---

[2] The Complaint contains errors in the numbering sequence of this and subsequent paragraphs.

16. Denies the allegations contained in this paragraph except admits that on September 23, 2016, at approximately 3 p.m., William Warden ("Warden"), who was an employee of the Secret Service, was operating a motor vehicle on 11th Avenue between West 43rd and West 44th Streets in Manhattan.

17. Denies the allegations contained in this paragraph except admits that the vehicle operated by Warden was owned by the Secret Service.

18. Denies the allegations contained in this paragraph except admits that on September 23, 2016, Warden was an employee of the Secret Service.

19. Denies.

20. Denies.

21. Denies.

22. Defendant's responses to the above paragraphs are repeated and realleged.

23. This paragraph contains conclusions of law to which no response is required.

24. Denies.

25. This paragraph contains Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested, or any relief whatsoever.

## **DEFENSES**

1. This action is subject to, and limited by, all of the provisions of the Federal Tort Claims Act, including any not specifically identified in this Answer. *See* 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), 2671-80.

2. Plaintiff's recovery, if any, in this action is limited to the amount stated in Plaintiff's administrative claim, pursuant to 28 U.S.C. § 2675.

3. Neither Defendant nor any of its agencies, employees, or agents was negligent in any manner nor violated any duty of care in regard to this matter.

4. The damages alleged in the Complaint were not proximately caused by any negligent or wrongful act or omission of Defendant or any employee or agent of Defendant.

5. To the extent any damages sustained by Plaintiff were due in whole to the negligence, carelessness and recklessness of the Subrogor, Defendant is not liable for damages.

6. To the extent the damages alleged in the Complaint were caused in whole or in part by the negligence or other acts of third parties over whom Defendant exercised no control, any recovery must be proportionately reduced.

7. In the event Defendant is found to be negligent, which negligence Defendant denies, to the extent the negligence or other culpable conduct of the Subrogor contributed to Plaintiff's damages, any recovery must be proportionately reduced.

8. Plaintiff is not entitled to a jury trial under the Federal Tort Claims Act. *See* 28 U.S.C. § 2402.

9. Plaintiff may not recover costs in excess of those permitted by 28 U.S.C. § 2412, and to the extent attorney's fees are paid out of the judgment, they may only be paid in accordance with 28 U.S.C. § 2678.

10. Defendant is not liable for interest prior to judgment, or for punitive damages. 28 U.S.C. § 2674.

Dated:  New York, New York
        December 2, 2019

                GEOFFREY S. BERMAN
                United States Attorney for the
                Southern District of New York
                    *Attorney for Defendant*

By:  /s/ Brandon Cowart
     BRANDON H. COWART
     Assistant United States Attorney
     86 Chambers Street, 3rd Floor
     New York, New York 10007
     Tel.: (212) 637-2693
     Fax: (212) 637-2702
     E-mail: brandon.cowart@usdoj.gov